ANTHONY V. MIGLIACCIO *vs.* UNITED WIRE & SUPPLY CORPORATION *et al.*

JANUARY 6, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

BAKER, J. In this case a justice of the superior court sustained the defendants' so-called plea in abatement to the plaintiff's declaration, and abated the action. The plaintiff's exception to that decision is now before this court for determination.

The action which was started in the district court of the sixth judicial district is in assumpsit. The declaration contains a special count and the common counts. In the former it is alleged in general that the plaintiff is a practicing physician; that one Marks, who was injured on February 17, 1939 while in the employ of the defendant United Wire & Supply Corporation, thereupon became a patient of the plaintiff; that the other defendant at that time insured said above-named corporation against injury to its employees; that on or about February 25, 1939 the defendants, through their agent and servant, authorized the plaintiff to continue his medical treatment and care of said Marks, and

promised that they would adequately compensate him for any and all medical and surgical services which he might render to said Marks; and that, relying upon the promise of said defendants, the plaintiff did perform and render such services.

The defendants in their plea aver substantially that the district court had no jurisdiction of this case because it was predicated upon charges of the plaintiff for medical and surgical care rendered an employee of the United Wire & Supply Corporation; that such a claim came within the provisions of the workmen's compensation act; and that under the appropriate section of such act original jurisdiction to determine said claim was in the superior court only. Under the circumstances the propriety of the filing of the so-called plea in abatement and the correctness in the form thereof are questionable. However, no such question was raised by the parties, and the underlying issue has been fully argued before us. Moreover, since said plea appears, in effect, to be one in bar or to amount in substance to a demurrer to the declaration, and since the action was abated by the decision made in the superior court, we will determine the merits of the issue raised by plaintiff's exception.

The defendants contend that the plaintiff is attempting to enforce in this action at law a claim which he can enforce only under the workmen's compensation act by petition in the superior court. In support of their position they rely on *Henry* v. *American Enamel Co.*, 48 R. I. 113. They also call the court's attention to the allegations in the first part of the special count of the declaration wherein the relation between Marks and the different parties to the case, and the relation of the latter to each other, are fully set out.

In our opinion the defendants' contention is not sound. The plaintiff's declaration should not be given the construction argued for by them. The case of *Henry* v. *American Enamel Co., supra,* is not applicable to the facts and circumstances of the instant case as set out in the plaintiff's declaration. In that case the court held, in substance, among

other things, that the workmen's compensation act permitted an injured employee to select his own physician; that by force of said statute alone, and entirely apart from any act or consent of the employer, the latter became liable to such physician for his fees up to a specified amount under certain conditions and limitations; that the act created a new right in favor of a physician against an employer, such right having no existence or enforceability apart from the act which provided for a method of enforcement by petition only; and that the act did not give a physician an action equivalent to assumpsit against the employer of the injured person.

The *Henry* case thus clearly defined the nature and scope of the right of a physician under the workmen's compensation act to recover his fees from the employer of an injured person who was said physician's patient. That case, however, did not purport to deal with or to limit any other rights which a physician might properly have to collect his fees from an injured person's employer or from any one else by virtue of an independent agreement, entirely apart from the right created by said act. The act gave to physicians an added remedy to be enforced in a certain manner, but did not make that remedy exclusive. There is, therefore, nothing to prevent a physician, if he sees fit, from bringing an ordinary action of assumpsit for the collection of his fees against his patient's employer or another, entirely apart from the right created under the act, provided he can allege in his declaration facts necessary to support such an action.

In our opinion, an examination of the declaration as a whole shows clearly that this is what the plaintiff is attempting to do in this case. We are, of course, not concerned with matters of evidence or proof at this stage of the proceedings. The gist of the declaration is the allegation that the defendants, by their agent, authorized the plaintiff to continue his treatment of the patient and promised that they would adequately compensate the plaintiff for such

services. This claim is plainly entirely independent of any right created in the plaintiff's favor by the workmen's compensation act. Such right under that act requires no promise for its support, but is an obligation of the employer and his insurer existing by force of the statute itself.

Further, the fact that the plaintiff, in the early part of his declaration, sets out the respective relationship of the various parties concerned does not, in our judgment, make this proceeding into one brought by the plaintiff to enforce his rights under the act, as claimed by the defendants in their so-called plea in abatement. Such allegations in the declaration either explain, in the interest of clarity, the connection of the different parties with the case, and are matters of introduction or inducement leading up to the vital averments which follow, and to which we have hereinbefore referred, or they may be considered as surplusage.

We find, therefore, that the sustaining of the defendants' plea in abatement was error.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings.

*Aram A. Arabian, Edward A. Capomacchio,* for plaintiff.
*Lee A. Worrell,* for defendants.